IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. LEGGETT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant. ) | No.: 1:08-cv-149 |

**MOTION TO DISMISS**

The United States of America moves pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiff's complaint. As grounds for this motion, the defendant asserts that Plaintiff has not exhausted his administrative remedies and has, therefore, failed to state a claim upon which relief can be granted. Additionally, this Court lacks subject-matter jurisdiction over various of plaintiff's claims because the United States has not waived sovereign immunity. Plaintiff's claim for unauthorized disclosure of tax return information is also deficient for failing to state a claim upon which relief can be granted. Finally, plaintiff has failed to comply with Fed. R. Civ. P. 8(a) regarding his claims.

A memorandum of law in support of this motion as well as a proposed order are filed concurrently with this motion.

Dated: April 2, 2008

                                        Respectfully submitted,

                                        _____/s/ Benjamin J. Weir_____
                                        BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 307-0855
                                        Fax: (202) 514-6866
                                        benjamin.j.weir@usdoj.gov

                                        *Counsel for Defendant*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on April 2, 2008, a copy of the foregoing motion to dismiss was served upon the following via postage prepaid U.S. Mail:

        David M. Leggett
        P. O. Box 572
        Gainesboro, Tenn 38562.

        /s/ Benjamin J. Weir
        BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. LEGGETT  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.   )<br>  )<br>UNITED STATES OF AMERICA  )<br>  )<br>      Defendant.  )  | No: 1:08-cv-149 |

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES'**
<u>**MOTION TO DISMISS**</u>

David Leggett, once again making frivolous challenges against the Internal Revenue Service[1], seeks damages pursuant to 26 U.S.C. § 7433 for purported violations of a litany of statutes, Internal Revenue Service regulations, as well as the unauthorized disclosure of return information. For the reasons set forth below, the complaint should be dismissed.

**Argument**

**I.   Section 7433 only provides a cause of action for conduct related to the collection of taxes**

The United States has only waived sovereign immunity pursuant to section 7433 for conduct related to collection activities and, thus, no cause of action exists for most of

---

[1] Leggett previously challenged his federal tax liability and the imposition of civil fraud penalties, which were assessed after he filed various frivolous tax returns with the Service, arguing that he was not a U.S. citizen. <u>Leggett v. Commissioner of Internal Revenue</u>, T.C. Memo. 1999-100 at *1 (T.C. 1999) *aff'm*, 221 F.3d 1357 (11th Cir. 2000). The court found "clear and convincing evidence that petitioner intended to evade tax. . ." and stated that the "record . . . is replete with indicia of fraud by petitioner." <u>Id</u>. at *7-8.

plaintiff's claims. Counts 1-29, 33, 39 through 41 are not premised on collection activities and must be dismissed for lack of subject matter jurisdiction.

It is well-settled that the United States is immune from suit unless its sovereign immunity has been waived and that a plaintiff must strictly comply with the requirements contained in any statute waiving sovereign immunity. See e.g. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992). The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936)).

26 U.S.C. § 7433 provides a cause of action regarding conduct related to the "collection of Federal tax with respect to a taxpayer. . ." (emphasis added). The statute is silent regarding conduct related to the assessment of taxes, failure to properly keep records or perform administrative tasks. As a result, it is well-settled that there is no right of action under section 7433 for conduct unrelated to collection activities. See e.g. Jaeger v. United States Government, 524 F. Supp. 2d 60 (D.D.C. 2007)(holding that section 7433 does not apply to "actions not related to the collection of income tax."); Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes"). Sovereign immunity regarding the allegations contained in counts 1-29, 33, 39 through 41 have not been waived and this Court lacks subject matter

jurisdiction. This requires dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(1). See <u>Buaiz</u>, 471 F. Supp. 2d at 135-36.

>    II.  **Leggett's claim for unauthorized disclosure of return information is deficient for failure to allege any conduct constituting an unauthorized disclosure of return information**

Leggett's claim regarding the unauthorized disclosure (count 39)of return information is additionally infirm because it fails to state a claim upon which relief can be granted. While 26 U.S.C. § 6103 provides civil damages when there is a negligent or willful violation of its provisions, it also explicitly states that certain disclosures of tax return information are permissible. Specifically, the section provides that:

> An internal revenue officer or employee . . . may, in connection with his official duties relating to any . . . collection activity . . . disclose return information to the extent that such disclosure is necessary . . . with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

Pursuant to this statute, the Secretary of the Treasury has promulgated regulations permitting disclosures necessary "to locate assets in which the taxpayer has an interest . . . or otherwise to apply the provision of the Internal Revenue Code relating to establishment of liens against such assets. . ." 26 C.F.R. § 301.6103(k)(6)-1(a)(vi).

Leggett's allegation that tax return information was improperly disclosed via the filing of the notice of federal tax lien fails as such conduct is explicitly permitted under section 6103(k)(6) and 26 C.F.R. § 301.6103(k)(6)-1(a)(vi). See <u>Mann v. United States</u>,

2004 F.3d 1012, 1018 (10th Cir. 2000); Glass v. United States, 480 F. Supp. 2d 162, 166 (D.D.C. 2007). As such, plaintiff has failed to state a claim upon which relief can be granted as he has not alleged an unauthorized disclosure of return information that violates the provisions of section 6103.

Count 39 should be dismissed because Leggett has failed to state claim upon which relief can be granted.

### III. Leggett's claims fail to fulfill Fed. R. Civ. P. 8(a)

The remaining counts are legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Leggett purports to state a claim for damages. Under rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002).

Leggett's complaint, however, merely cites a statute or regulatory provision, but does not allege facts in support of his claims. Each count simply cites a statute or regulation with a bare allegation that "defendant, through principals, officers, agents, and/or employees of Internal Revenue Service, purported to be a component of the Department of Treasury" combined with a generalized assertion that the Service failed to do that which is purportedly required. However, Leggett's complaint contains no factual allegations as a basis for his assertions.

Leggett fails to provide allegations regarding the tax years at issue or the specific conduct that he challenges. He has, therefore, failed to make an initial showing of the grounds for his claims as the complaint is devoid of any and all facts. See Buaiz, 471 F. Supp. 2d at 137 (noting that when "deciding a motion under Rule 12, the Court need not accept as true conclusions of law or legal conclusions cast as factual allegations" and holding that the plaintiff cannot state a valid cause of action by simply "copying the language from the statute into his Complaint.").

Since plaintiff's complaint fails to provide either notice of the bases of his claims or the grounds upon which they rest, this Court should conclude that plaintiff has not, in fact or law, stated a claim. See Jaeger, 524 F. Supp. 2d 60 (dismissing section 7433 claims based on Fed. R. Civ. P. 8(a) because "scant factual allegations fail to satisfy the notice pleading requirements. . ."); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Because plaintiff has failed to state a claim upon which relief can be granted, this Court should dismiss the remaining counts.

**IV.  Damages pursuant to section 7214(a) are inapplicable**

Leggett's prayer for damages pursuant to section 7214(a) fails for two reasons. (Compl. 17). First, section 7214 is irrelevant to a claim under section 7433 because section 7433 delineates its own measure of damages. See 26 U.S.C. §7433(b). Second, section 7214 provides no private cause of action against the United States.[2] See

---

[2] Following a criminal conviction of a revenue employee, damages may be recoverable by the victim. See Watts v. IRS, 925 F. Supp. 271, 279 (D.N.J. 1996): Brunwasser v. Jacob, 453 F. Supp. 567, 572-73 (W.D. Pa. 1978). However, plaintiff has

Jaeger, 524 F. Supp. 2d 60.  Accordingly, damages pursuant to section 7214 are inapplicable.

## Conclusion

This Court should dismiss the complaint for the following reasons.  First, the United States has not waived sovereign immunity regarding plaintiff's claims related to conduct unrelated to the collection of federal taxes.  Second, his claim for the unauthorized disclosure of return information fails to allege facts constituting a violation of the applicable statute.  Third, Leggett has not complied with Fed. R. Civ. P. 8(a) for any of his claims.  The motion to dismiss should be granted.

---

not alleged any such criminal conviction nor is the undersigned counsel aware of any such conviction.

Dated: April 2, 2008

                                              Respectfully submitted,

                                              /s/ Benjamin J. Weir
                                            BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            Post Office Box 227
                                            Ben Franklin Station
                                            Washington, D.C.  20044
                                            Telephone: (202) 307-0855
                                            Fax: (202) 514-6866
                                            benjamin.j.weir@usdoj.gov

                                            *Counsel for Defendant*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

    I, Benjamin J. Weir, certify that on April 2, 2008, a copy of the foregoing motion to dismiss was served upon the following via postage prepaid U.S. Mail:

        David M. Leggett
        P. O. Box 572
        Gainesboro, Tenn 38562.

        /s/ Benjamin J. Weir
        BENJAMIN J. WEIR

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. LEGGETT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:08-cv-149 |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

Having considered defendant's motion to dismiss, the memorandum of law in support filed therewith, and for good cause shown, it is:

ORDERED that the defendant's motion to dismiss is GRANTED;

ORDERED that plaintiff's complaint is DISMISSED WITH PREJUDICE; and

ORDERED that the case be closed.

_____
UNITED STATES DISTRICT JUDGE

1

3170985.1