# United States District Court
IN THE DISTRICT OF COLUMBIA

David M. Leggett

P. O. Box 572
Gainesboro, Tennessee 38562
(615)-642-9737

Case No: 1:08-cv-149-CKK

    Plaintiff(s),

v.

UNITED STATES OF AMERICA

    Defendant.

## RESPONSE TO MOTION TO DISMISS
## AND
## REQUEST FOR LEAVE TO AMEND COMPLAINT

### I
### INTRODUCTION

1.    Defendant asserts:

> The United States has only waived sovereign immunity pursuant to section 7433 for conduct related to collection activities and, thus, no cause of action exists for the bulk of plaintiff's claims. Counts 1 through 29, 33 and 39 through 41 are not premised on collection activities and must be dismissed for lack of subject matter jurisdiction.
> ***
> The statute is silent regarding conduct related to the assessment of taxes, failure to properly keep records or perform administrative tasks. As a result, it is well-settled that there is no right of action under section 7433 for conduct unrelated to collection activities. See e.g. Jaeger v. United States Government, 524 F. Supp. 2d 60 (D.D.C. 2007)(holding that section 7433 does not apply to "actions not related to the collection of income tax."); Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007) ("§ 7433 waives the United States' sovereign immunity only with respect to claims arising from the collection of income taxes"). Sovereign immunity regarding the allegations contained in counts 1 through 26, 33 and 36 have not been

waived and this Court lacks subject matter jurisdiction.

(Motion to Dismiss, pp. 1, 2 ).

2. In *Shane v United States*, 1:07-cv-00577-RBW (January, 2008), the Court addressed defendant's ubiquitous "trotting out" of the tired old horse named "Sovereign Immunity" with respect to claims under IRC 7433:

> "As this Court has explained repeatedly in a series of decisions issued over the past two years, the defendant cannot denominate every possible defense available to it as "jurisdictional" in nature merely because those defenses relate in some abstract way to the defendant's sovereign immunity. See ... Lindsey v. United States, 448 F. Supp. 2d 37, 50-54 (D.D.C. 2006) (Walton, J.) ("Only where a statute contains sweeping and direct statutory language indicating that there is no federal jurisdiction prior to exhaustion may courts conclude that a particular exhaustion requirement is jurisdictional." (Internal quotation and citation omitted.)). Indeed, the Court specifically held in Lindsey that "the exhaustion requirement imposed by § 7433 is not jurisdictional," Lindsey, 448 F. Supp. 2d at 54, because "[n]othing in the language of § 7433(d)(1) suggests that Congress intended to impose a jurisdictional barrier to taxpayer suits seeking damages for the conduct of the IRS," id. at 52 (citing Avocados Plus v. Veneman, 370 F.3d 1243, 1248 (D.C. Cir. 2004)). The rationale behind these rulings is altogether straightforward: unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, . . . courts should treat the restriction as nonjurisdictional in character." Arbaugh v. Y & H Corp., 546 U.S. 500, 502 (2006).

II

## RESPONSE TO MOTION TO DISMISS

3. First addressing defendant's assertion that "The remaining counts are legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6)", Shane noted:

> Broadly speaking, there are two types of Rule 12(b)(1) motions. "A facial challenge attacks 'the factual allegations of the complaint' that are contained on 'the face of the complaint,' while a factual challenge is addressed to the underlying facts contained in the complaint." Al-Owhali, 279 F. Supp. 2d at 20 (quoting Loughlin v. United States, 230 F. Supp. 2d 26, 35-36 (D.D.C. 2002) (citations omitted))...**For this latter type of challenge, plaintiffs must**

> **"be given an opportunity for discovery of facts necessary to establish jurisdiction."** *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001) **(citations omitted).** (emphasis added)

4. It appears that defendant is posing "this latter type of challenge", i.e., that Plaintiff's Complaint in the instant case is factually deficient in respect of "...those "counts" arguably involving collection activity...". If this analysis is correct, Plaintiff asserts that dismissal would be a drastic remedy[1], and that the ends of justice, for which this Honorable Court, and its Rules, exist, would be best served by affording this *pro se* Plaintiff an opportunity - similar to the *Ignatiev* "opportunity for discovery of facts" - to amend his Complaint to include a Statement of Facts to cure any factual insufficiency.

5. As to the allegations about which defendant asserts that "The statute is silent..." (counts 1 through 29, 33 and 39 through 41), it appears that Members of the Court are already in agreement with the defendant's position:

> ""[C]ourts have narrowly interpreted § 7433," such that this statutory provision "does not provide a cause of action for wrongful tax assessment or other actions that are not specifically related to the collection of income tax." Buaiz v. United States, 471 F. Supp. 2d 129, 135 (D.D.C. 2007). Every circuit court of appeals that has addressed this issue has construed § 7433 in this manner, see id. (collecting cases),8 and "[d]istrict courts in other circuits–including this circuit–have also reached the conclusion that § 7433 is strictly limited to actions based on the collection of taxes," id.; see also Bryant v. United States, ___ F. Supp. 2d ___, 2007 WL 4465509, *3 (D.D.C. Dec. 21, 2007) (agreeing with the Court's analysis in Buaiz regarding the scope of § 7433); Spahr v. United States, 501 F. Supp. 2d 92, 95-96 (D.D.C. 2007) (same) Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 86 (D.D.C. 2007) (same)." *Shane*, p. 15.

---

[1] In that "12(b)(6) presents a ruling on the merits with res judicata effect." *Al-Owhali v. Ashcroft*, 279 F.Supp. 2d 13, 20 (D.D.C. 2003)" *Shane*, p. 6.

6.  In respect of the Courts' considered decisions[2] that [counts 1 through 29, 33 and 39 through 41] are without the Court's jurisdiction under the "complex statutory scheme regulating the relationship between taxpayers and the IRS" *Buaiz*, p. 9, citing *Rossotti*, 317 F.3d at 411, Plaintiff pro se seeks leave to follow *Buaiz*' suggestion by amending his complaint to bring counts 1 through 29, 33 and 39 through 41 as *Bivens*[3] claims, over which jurisdiction cannot reasonably be questioned.

III

**PLAINTIFF SEEK(S) LEAVE TO AMEND TO INCLUDE A STATEMENT OF FACTS AND TO ADVANCE ADDITIONAL JURISDICTIONAL BASIS**

7.  Although Fed. R. Civ. P. 15(a) establishes a Party's right to amend pleadings before a responsive pleading is served[4], Plaintiff in the above-captioned case nonetheless requests the Court grant leave to amend, which "shall be freely given when justice so requires". Rule 15(a), Federal Rules of Civil Procedure.

IV.

**AMENDMENT TO CURE ANY PURPORTED JURISDICTIONAL OR FACTUAL DEFICIENCIES WILL REQUIRE LATITUDE IN RESPECT OF TIME**

---

[2] Jaeger v. United States Government, 524 F. Supp. 2d 60 (D.D.C. 2007); Buaiz v. United States, 471 F. Supp. 2d 129, 136 (D.D.C. 2007); Bryant v. United States, ___ F. Supp. 2d ___, 2007 WL 4465509, *3 (D.D.C. Dec. 21, 2007); Spahr v. United States, 501 F. Supp. 2d 92, 95-96 (D.D.C. 2007); Evans-Hoke v. Paulson, 503 F. Supp. 2d 83, 86 (D.D.C. 2007), etc.

[3] *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)

[4] Rule 15. Amended and Supplemental Pleadings
(a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

8. Plaintiff can and will provide the STATEMENT OF FACTS to support his Complaint, and its Amendment, but Plaintiff, a *pro se*, will need time to prepare same, particularly as to the *Bivens* claims, and respectfully requests a period of thirty (30) days from the date of the order granting the Motion to Amend incorporated herein to complete the arduous task of detailing the factual support for each count.

9. Plaintiff *pro se* believes that defendant will not, and cannot, be prejudiced by the Court's grant of this motion, in that defendant will only, at most, be required to answer the Complaint so amended (at which time defendant may raise any affirmative defenses).

WHEREFORE, Plaintiff request(s) the Court grant leave, and time, for Plaintiff pro se to prepare and file the Amended Complaint, lodged herewith.

Dated: _May 16th_, 2008

_____
David M. Leggett

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on defendant's attorney at his address of record.

Dated _May 16th_____, 2008

_____
David M. Leggett