IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID M. LEGGETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 1:08-cv-149 |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO PLAINTIFF'S POST-JUDGMENT OPPOSITION AND MOTION SEEKING LEAVE TO AMEND**

This case concerned David M. Leggett's various tax-defier arguments regarding his federal income taxes and the Internal Revenue Service's tax collection activities. On May 16, 2008, the Court granted the United States' motion to dismiss the complaint. On May 19, 2008, Leggett untimely filed a response to the United States' motion to dismiss and moved seeking leave to file an amended complaint. The Court's May 29, 2008 Minute Order required that the United States submit a pleading regarding whether Leggett's response can be considered because the case had already been dismissed. For the following reasons, Leggett's pleading may not be considered by this Court and the dismissal should stand.

**I.    Leggett has not complied with Fed. R. Civ. P. 6(b)**

Fed. R. Civ. P. 6(b)(1)(B) provides that a court may extend the time in which a party has to act "on motion made after the time has expired if the party failed to act because of excusable neglect."  "In the absence of any motion for an extension, the trial

court [has] no basis on which to exercise its discretion." Smith v. District of Columbia, 430 F. 3d 450, 457 (D.C. Cir. 2005.)

The Court's May 29, 2008 Order "notes that the Opposition contains no facts demonstrating excusable neglect for the missed filing deadline, as required by Fed. R. Civ. P. 6(b)." Indeed, Leggett did not file a motion seeking an extension of time pursuant to Fed. R. Civ. P. 6(b). As such, his opposition and request seeking leave to amend must be disregarded *in toto*. Smith v. District of Columbia, 430 F. 3d 450, 457 (D.C. Cir. 2005.)

## II. After a judgment has been entered, leave to amend may not be granted unless the judgment is first set aside pursuant to Fed. R. Civ. P. 59 or 60

Assuming *arguendo*, that Leggett's opposition and motion seeking leave to amend may be considered by this Court, it is still procedurally deficient and must be dismissed. "Where a district court is presented with a motion for leave to amend following a dismissal, the court considers the motion for leave to amend only *after* consideration of a party's motion to amend or alter the dismissal." DeGeorge v. United States, 521 F. Supp. 2d 35, 41 (D.D.C. 2007); see also Richardson v. United States, 193 F.3d 545, 550 (D.C. Cir. 1999)(noting that a motion seeking leave to amend "is typically only granted where the litigant has first moved to amend or alter the judgment under FED.R.CIV.P.59(e) or 60(b).")

Here, Leggett has failed to file a motion pursuant to Fed. R. Civ. P. 59 or 60. Axiomatically, he has, therefore, not established that he is entitled to relief pursuant to either Fed. R. Civ. P. 59 or 60.

### Conclusion

Plaintiff's opposition and motion seeking leave to amend must be disregarded *in toto*. Plaintiff has not followed the requirements of Fed. R. Civ. P. 6 and, therefore, it would be an abuse of discretion for this Court to consider his post-dismissal pleading.

Dated: June 26, 2008

        Respectfully submitted,

          /s/ Benjamin J. Weir
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov

*Counsel for Defendant*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on June 26, 2008, a copy of the foregoing motion to dismiss was served upon the following via postage prepaid U.S. Mail:

> David M. Leggett
> P. O. Box 572
> Gainesboro, Tenn 38562.

/s/ Benjamin J. Weir
BENJAMIN J. WEIR