UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID M. LEGGETT,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 08-149 (CKK)

**MEMORANDUM OPINION**
(July 9, 2008)

On April 2, 2008, Defendant filed a [5] Motion to Dismiss Plaintiff's Complaint. On April 6, 2008, this Court issued an Order explaining that, pursuant to *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), the failure to respond to a dispositive motion "may result in the district court granting the motion and dismissing the case." *Id.* at 509. The Court ordered Plaintiff to respond to Defendant's Motion to Dismiss no later than May 9, 2008. The Court further indicated that if no response was received by that date, the Court would treat Defendant's Motion as conceded and dismiss Plaintiff's Complaint. Plaintiff did not file a response to Defendant's Motion to Dismiss by May 9, 2008, and pursuant to its April 6, 2008 Order, the Court dismissed this case without prejudice on May 16, 2008.

On May 19, 2008, the Court received a "Response to Motion to Dismiss and Request for Leave to Amend Complaint" from Plaintiff. The certificate of service included with Plaintiff's filing indicates that it was sent on May 16, 2008, seven days *after* the date by which it was required to be filed. The filing contains no facts demonstrating excusable neglect for missing the Court's filing deadline, as required by Federal Rule of Civil Procedure 6(b). The filing also fails to include a proposed amended complaint (or any explanation as to what additional facts would

be pled in an amended complaint), as required by Local Civil Rule 15.1, thereby depriving Defendant of any meaningful opportunity to respond.

The Court issued an Order on May 29, 2008, requiring Defendant to file a response explaining its position with respect to whether Plaintiff could file his Opposition and Motion to Amend after the case had already been dismissed.  *See* Min. Order dated May 29, 2008. Defendant filed its response on June 26, 2008, arguing that Plaintiff's submission should be disregarded because it failed to establish excusable neglect by separate motion as required by Federal Rule of Civil Procedure 6(b), and that no grounds existed for setting aside the Court's judgment under Federal Rule of Civil Procedure 59(e) or 60(b).  Plaintiff did not file a Reply.

Federal Rule of Civil Procedure 6(b)(1)(B) authorizes a court to extend the time in which a party has to act "on motion made after the time has expired if the party failed to act because of excusable neglect."  Where a party in those circumstances has not filed such a motion, and has not demonstrated excusable neglect, "the court [has] no basis on which to exercise its discretion" to allow the untimely filing.  *Smith v. District of Columbia*, 430 F.3d 450, 457 & n.5 (D.C. Cir. 2005).  In addition, motions to amend are typically considered only after resolution of a motion filed under Federal Rule of Civil Procedure 59(e) or 60(b), neither of which has been filed by Plaintiff in the present matter.  *See Richardson v. United States*, 193 F.3d 545, 550 (D.C. Cir. 1999).  Accordingly, the Court shall deny Plaintiff's Motion to Amend, and this case shall remain dismissed without prejudice.  An appropriate Order accompanies this Memorandum Opinion.

Date: July 9, 2008

                                              */s/*
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge